IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF

CELESTE HERNANDEZ RODRIGUEZ    CASE NO. 04-01067 SEK

     DEBTOR         :      CHAPTER 7

*FILED & ENTERED*

*SEP 28 2005*

*CLERK*
*U.S. BANKRUPTCY COURT*

### OPINION AND ORDER

We are concerned here with Debtor's motion requesting that RG Mortgage Corp. ("RG") show cause why it should not be held in contempt for violating the discharge order[1], and RG's motion to dismiss this request for lack of standing and for failure to state a claim upon which relief may be granted. For reasons stated below, we find Debtor has standing to pursue her claim against RG, deny RG's motion to dismiss, conclude RG violated the discharge injunction, and order the Clerk to reschedule the pretrial hearing limited to the issue of damages.

### Background

Debtor filed a bankruptcy petition under Chapter 7 of the U.S. Bankruptcy Code on February 2, 2004. She scheduled RG as a secured creditor, holding mortgage notes secured by first and second mortgages encumbering her residence. RG Mortgage appeared

---

[1] Debtor eventually withdrew her claim involving RG's purported violation of the automatic stay. See docket entry 65. Furthermore, 11 U.S.C. § 105 allows us to enforce the discharge injunction imposed by § 524, and consistent with this determination the bankruptcy courts across the nation have appropriately used statutory contempt powers to order monetary relief when creditors have engaged in conduct that violates § 524. *Bessette v. AVCO Financial Services, Inc.*, 230 F. 3d 439, 445 (1st Cir. 2000).

in the case on March 24, 2004, and May 6, 2004, represented by different attorneys, each concerned with one of the mortgages. Debtor received a discharge on June 10, 2004.

On August 23, 2004, six months after the petition was filed, and two months after entry of discharge, RG sued debtor in the Insular Courts.  This suit combined an action to collect money *in personam* and foreclosure of the first mortgage *in rem*.  In that suit, RG prayed that debtor be held personally liable for any deficiency, should the proceeds from the public sale of the encumbered realty be insufficient to payoff the debt.

Meanwhile, the Chapter 7 Trustee sold debtor's residence and paid off both mortgages.  Debtor then filed the instant motion. RG replied, seeking the dismissal of the contested matter for lack of standing and failure to plead a claim upon which relief may be granted.

RG argued the action for violation of the discharge injunction was estate property under Code § 541(a)(7), and pursuant to Code § 323, the trustee, not the Debtor, had the authority to prosecute it.  Next, RG claims it mistakenly violated the discharge order and should not be held liable for any damages which might ensue, as the action became moot upon payment of the debts and its immediate dismissal.  Furthermore, Debtor did not plead damages.  Debtor replied, and we took the matter under advisement.

**Discussion**

A. Standing



We begin our review by summarizing the concept of standing in bankruptcy.

> Bankruptcy standing is narrower than Article III standing. [Cit. omitted] Only a 'person aggrieved' has standing to challenge a bankruptcy court order; the challenged order must directly and adversely affect the appellant's pecuniary interests. [Cit. omitted].  A 'person aggrieved' is one whose property is diminished, burdens are increased, or rights are impaired by the order ... [Cit. omitted].

*Great Road Service Center, Inc. v. Nickless*, 304 B. R. 547, 550 (1st Cir. BAP 2004).

The record in this matter shows that at the time RG filed its cause of action to collect any deficiency in the suit before the Insular Court against the debtor *in personam*, discharge had been entered.  The discharge did not affect the *in rem* foreclosure action.  It did, however, relieve the debtor from having to pay for any deficiency as an *in personam* action. Therefore, the *in personam* action was directed at the personal liability of the debtor in an attempt to collect any deficiency which had been discharged.  Hence, Debtor was the party aggrieved by RG's suit.

Next, we examine whether RG's *in personam* cause of action against the debtor became estate property as provided by 11 U.S.C. § 541(a).  "*Section 541(a)* of the Bankruptcy Code provides that the bankruptcy estate includes 'all legal or equitable interests of the debtor in property *as of the commencement of the case.*'".  *Taylor Monroe-Wade v. Shaffer Bailey, et al.*, 287 B.R. 874, 878 (DC Miss. 2001).  Thus, "Section 541(a)(1) specifically

3

limits the property of the estate to the **debtor's property interests** as they exist when the case was commenced." (Our emphasis) *In re Doemling*, 127 B.R. 954, 956 (D.C. W.D. Pa. 1991). The facts here show RG filed its *in personam* cause of action against debtor's property interests **after** the commencement of the case and entry of the discharge order. While the filing violated the discharge order, the claim for such a violation did not become estate property under Code § 541 (a)(1) because it arose post petition.

RG then argues the claim for damages caused by RG filing the action *in personam* in the state court in violation of the discharge should be considered estate property under Code § 541(a)(7), without offering incisive legal analysis. We disagree.

"To ensure that 'anything of value' becomes part of a debtor's estate, Congress enacted § 541(a)(7), which provides that any interest in property that the **estate** collects or perfects post petition is also property of the estate. [Cit. omitted]. Congress enacted § 541(a)(7) to clarify its intention that § 541 be an 'all-embracing' definition and to insure that property interests created with or by property of the estate are themselves property of the estate." [Cit omitted] *In re Allen*, 226 B.R. 857, 862-63 (Bkrtcy. N.D. Ill. 1998).[2]  Hence, the Code

---

[2]  Actually, "Section 541(a)(7) provides that the bankruptcy estate is comprised of 'any interest in property that the estate acquires after the commencement of the case'." *Monroe- Wade v. Shaffer Bailey*, 287 B.R. 874, 879 ( C.D.S.D. Miss. 2001).

recognizes there is a distinction between the property interests of the **estate** and property interests of the **debtor**.  Section 541(a)(1) refers to pre-petition interest in property of *the debtor,* while § 541(a)(7) refers only to interest in property acquired *by the estate* after the commencement of the case.

To determine whether property acquired by the estate post petition is part of the estate, we apply the test suggested by the U.S. Supreme Court in the case of *Segal v. Rochelle*, 382 U.S. 375, 15 L.Ed.2d 248, 86 S. Ct.511 (1966).  In that case, the Supreme Court stated the decision to include property in the estate is determined by examining whether the property "is sufficiently rooted in the pre-bankruptcy case past and so little entangled with the bankrupt's ability to make an unencumbered fresh start."  *In re Doemling*, 127 B.R. at 957, citing *Segal v. Rochelle*, 383 U.S. at 380.



In this case, Debtor's cause of action for violation of the discharge injunction arose from events that occurred post-petition.  The violation of discharge is rooted in an *in personam* cause of action exercised by a creditor attempting to collect a discharged debt against the debtor's personal property interests. Debtor is the one aggrieved by the discharge violation.  Thus, Debtor's potential for recovery due to the violation of the discharge order is not sufficiently rooted in her pre-bankruptcy past to justify assigning it to the bankruptcy estate. Therefore, any award granted to debtor is not estate property, and the debtor, rather than the Trustee, has standing to pursue the claim for violation of discharge.  Accordingly, RG's motion to dismiss

for lack of standing is denied.

B. Violation of the discharge injunction

RG urges us to dismiss this claim based on the affirmative defense of bona fide mistake and failure to state a claim for damages. RG argues it mistakenly, (as opposed to willfully), referred the debt for continued collection efforts once discharge was entered. When it became aware of the mistake, it immediately dismissed the suit, causing little or no damage to the debtor. Furthermore, RG avers there is no claim here, as its mortgage liens were paid in full from the sale proceeds, so that Debtor did not sustain any actual damages. Therefore, RG suggests Debtor's claim for the violation of the discharge injunction is moot. We again disagree.

11 U.S.C. § 524 states in its pertinent part, that a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt *as a personal liability of the debtor, ...*". (Our emphasis). Hence, to succeed here, Debtor must initially establish that RG: (1) knew the discharge had been entered, and (2) intended the actions which violate the discharge injunction. See 4 <u>Collier on Bankruptcy</u> ¶ 524.02[2][c] (15th ed. rev.). See also *Hardy v. Internal Revenue Service (In re Hardy)*, 97 F.3d 1384 (11th cir. 1996); *Pratt v. GMAC (In re Pratt)*, 324 B.R. 1 (Bankr. Me. 2005); *McDonald v. Norwest Fin. (In re McDonald)*, 265 B.R. 3 (Bankr. Mass. 2001); *Singleton v. Wells Fargo Bank, N.A. (In re Singleton)*, 269 B.R. 270 (Bankr. R.I. 2001); *Poole v. U.B. Vehicle Leasing, Inc. (In re Poole)*, 242 B.R. 104 (Bankr. N.D. Ga.



6

1999). "Defendants' state of mind or intent to violate the discharge order is not a consideration in the analysis for civil contempt." *McDonald v. Norwest Fin. (In re McDonald)*, 265 B.R. 3, 9 (Bankr. Mass. 2001). *Cf. McComb v. Jacksonville Paper Co.*, 336 U.S. 187 (1949).

The uncontested record shows RG knew Debtor was under the protection of the bankruptcy court and was notified of the discharge order when it chose to file its *in personam* action to collect any deficiency against the debtor personally, upon conclusion of the foreclosure sale. By engaging in this act, RG violated the discharge injunction. Allegations of a bona fide mistake do not relieve RG from liability for its violation of the discharge order. Therefore, the evidence shows Debtor met her burden of showing RG violated the discharge injunction. Hence, only the damage assessment caused by the violation of discharge remains pending. The Clerk shall schedule this matter for an updated pretrial hearing during the month of November, 2005.

SO ORDERED, in San Juan, Puerto Rico, on September 27, 2005.

SARA DE JESUS
U.S. Bankruptcy Judge